# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20311

———————

Laura Covington,

*Plaintiff—Appellant*,

*versus*

City of Madisonville, Texas,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3300

_____

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

　　Plaintiff-Appellant Laura Covington ("Laura") appeals the district court's summary judgment dismissal of her municipal liability claims, asserted pursuant to 42 U.S.C. § 1983, against Defendant-Appellee City of Madisonville.  As detailed in our opinion in her previous appeal,[1] Laura seeks to hold the City liable for monetary damages and other relief relating to her

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See Covington v. City of Madisonville, Texas*, No. 18-20723, 812 F. App'x 219, 222 (5th Cir. May 15, 2020).

No. 22-20311

unlawful arrest, which occurred after her ex-husband, Sergeant Jeffrey Covington of the Madisonville Police Department ("Jeffrey"), had a "confidential informant" plant methamphetamine in her vehicle in order to bring about her arrest, prosecution, and loss of child custody. On remand, the district court granted the City's motion for summary judgment, dismissing Laura's claims based on its determination that the City's Chief of Police lacks the "final policymaking authority" required for municipal liability under 42 U.S.C. § 1983. Having carefully reviewed the parties' submissions, applicable law, and relevant portions of the record in this matter, we AFFIRM.

"As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge *before* the case is submitted to the jury." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989); *see also Gros v. City of Grand Prairie*, 181 F.3d 613, 617 (5th Cir. 1999) ("[W]hether an official has been delegated final policymaking authority is a question of law for the judge, not [one] of fact for the jury."). Thus, the trial judge must "review[] the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law," to "identify those officials or governmental bodies who speak with final policymaking authority . . . concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett*, 491 U.S. at 737 (internal citations and quotations omitted).

"A municipality can be held liable only when it delegates policymaking authority, not when it delegates *decisionmaking* authority." *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019). "The fact that an official's *decisions* are *final* is insufficient to demonstrate *policymaker* status." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (emphasis added). Thus, "discretion to exercise a particular function does not necessarily entail final

policymaking authority over that function." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 549 (5th Cir. 2008).

Here, though acknowledging that both sides can point to evidence favorable to their positions, the district court found:

> [O]n balance, while Chiefs [of Police] Clendennen and May possessed some level of discretionary or decision-making authority, the summary judgment evidence fails to establish that the City Council expressly or impliedly delegated them policymaking authority. While the evidence cited by [Laura] suggests that the police chiefs at times claimed some level of authority to follow city policy or not, the fact that they did not follow the policies (or created their own unwritten policies) cannot serve as evidence of "policymaking" on behalf of the city. On the contrary, the minutes of the City Council strongly demonstrate that the Chiefs lacked final policymaking authority.

The district court also noted that that "the police chief's subordinate role and lack of final policymaking authority is corroborated by Chief May's declaration," which "suggests that the police chief was, at most, a "decisionmaker."

Ultimately, the district court concluded:

> The police chief's orders may set the tone and direct the day-to-day police activities, but he is not an official policymaker for the City.  Absent final policymaking authority, neither the police chiefs' alleged decision not to supervise Jeffrey nor their alleged ratification of Jeffrey's unlawful conduct can qualify as official city policy. [Laura's] § 1983 municipal liability claims therefore fail as a matter of law.

As we previously have acknowledged, "there's a fine distinction between a policymaker and a decisionmaker." *Zarnow*, 614 F.3d at 167. At the same time, "the elements of the *Monell* test exist to prevent a collapse of

No. 22-20311

the municipal liability inquiry into a *respondeat superior* analysis. *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 415 (1997)). On the instant record, we find no error in the district court's evidentiary assessment. Accordingly, the district court's judgment is AFFIRMED.